**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**FORT LAUDERDALE DIVISION**

**CASE NO: 0:21-cv-60517**

JANE DOE, a minor, by and through her mother
and natural guardian, MS. DOE,

      Plaintiff,

Vs.

DELTA AIR LINES, INC., a foreign corporation,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**
(Pursuant to the Montreal Convention)

COMES NOW, the Plaintiff, JANE DOE, a minor, by and through her mother and natural guardian, MS. DOE, and by and through her undersigned counsel, hereby sues the Defendant, DELTA AIR LINES, INC., a foreign corporation, and in support thereof alleges the following:

**JURISDICTIONAL ALLEGATIONS**

1. This is an action for damages which exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. At all times material hereto, the Plaintiff, JANE DOE, a minor, by and through her mother and natural guardian, MS. DOE, was a resident of the State of Florida and is otherwise *sui juris*.

3. As this matter involves matters of a highly personal nature, the Plaintiff, JANE DOE, a minor, and her mother, MS.DOE, seek to keep their identities private and out of all public records and filings.

4. At all times material hereto, the Defendant, DELTA AIR LINES, INC., hereinafter referred to as "DELTA," was a foreign corporation, with its principal place of business located in in Atlanta, Georgia, is engaged in the air transportation of passengers in the United States and other countries, including, but not limited to, Australia.

5. At all times material hereto, the Defendant, DELTA, has in the past and continues to engage in substantial and not isolated business activity on a continuous and systematic basis in the State of Florida, including, but not limited to, Broward County, Florida.

6. This claim stems from injuries and damages suffered by the Plaintiff, JANE DOE, a minor, while traveling on a roundtrip ticket, confirmation # HKLTDU, departing from Ft. Lauderdale, Florida on December 14th, 2020 and arriving in Sydney, Australia on December 16th, 2020 and originally booked to depart from Sydney, Australia on December 31st, 2020 and land in Ft. Lauderdale, Florida on December 31st, 2020.

7. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §1331, in that this action arises from a treaty agreement, namely the Convention for the Unification of Certain Rules Relating to International Carriage by Air, opened for signature on May 18, 1999, reprinted in S. Treaty Doc. 106-45 at 27 (2000) 1999 WL 33292734 (entered into force November 4, 2003) (treaty), commonly referred to as the "Montreal Convention."

8. This court also has jurisdiction pursuant to 28 U.S.C. §1332(a)(1), since the amount in controversy exceeds the statutory requirement of Seventy-Five Thousand Dollars ($75,000.00) and the matter in controversy is between citizens of different States.

9. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is a proper venue for this action under Article 33 of the Montreal Convention as the State of Florida was the principal and permanent place of residency of the Plaintiff, and the place from which Defendant conducts operations through premises it owns and/or leases.

10. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is also a proper venue for this action under Article 33 of the Montreal Convention as the final destination of the Plaintiff's roundtrip ticket is Ft. Lauderdale, Florida. *See* Razi v. Qatar Airways Q.C.S.C., 2014 WL 496654, at*3 (S.D. Tex., Feb. 6, 2014).

**GENERAL ALLEGATIONS**

11. On December 14th, 2020, the Defendant, DELTA, was a commercial air carrier engaged in the business of transporting fare-paying passengers on regularly scheduled international flights in aircrafts owned, leased, operated, managed, maintained and/or controlled by the Defendant, DELTA and its agents and/or employees.

12. As a common carrier, the Defendant, DELTA, owes a duty to provide the highest degree of care to its passengers.

13. On December 14th, 2020, Plaintiff, JANE DOE, a minor, departed from Ft. Lauderdale, on Delta Flight # 2494, the first flight of her three (3) flight trip, hereinafter referred to as the "Subject Trip," with the final destination of Sydney, Australia. After landing in Atlanta, Georgia, the Plaintiff, JANE DOE, boarded the 2nd flight of the Subject Trip, Delta Flight # 283 from Atlanta, Georgia to Los Angeles, California, hereinafter referred to as the "Subject Flight."

14. At all times material hereto, the Defendant, DELTA, was the owner lessee, operator and/or entity in control of the Subject Flight.

15. At all times material hereto, the Defendant, DELTA, was responsible for the actions of its agents, contractors and/or employees on the Subject Flight.

16. Prior to December 14th, 2020, a contract for international carriage, as known and defined in Article I of the Montreal Convention, was made in the United States providing Plaintiff, JANE DOE, a minor, with international travel by air with Delta Air Lines to Sydney, Australia, beginning and ending in Fort Lauderdale, Florida, United States.

17. On the date and time of the Subject Flight, the Plaintiff, JANE DOE, a minor, and the Defendant, DELTA, were engaged in international carriage, as known and defined in Article I of the Montreal Convention.

18. At all times material to this Complaint, the Montreal Convention was and is applicable to this action.

19. At all times material to this Complaint, the Defendant, DELTA, was and is vicariously liable for their employees and/or agents during the course and scope of their employment.

20. On December 14th, 2020, the Plaintiff, JANE DOE, was an 11-year-old minor traveling on her own during the Subject Trip and under the care and supervision of the Defendant, DELTA.

21. At all times during the Subject Trip, the Defendant, DELTA, agreed to and assumed the responsibility for the safety of the minor Plaintiff, JANE DOE.

22. On December 14th, 2020, after boarding the Subject Flight, a Delta flight attendant, hereinafter referred to as the "Subject Attendant," walked the minor Plaintiff to her seat, while staying uncomfortably close to her, contacting her and making multiple comments to the Plaintiff.

23. After being seated and during the course of the approximately 5-hour Subject Flight from Atlanta to Los Angeles, the Subject Attendant sexually harassed, sexually molested and/or inappropriately touched the minor Plaintiff, JANE DOE.

24. During the course of the Subject Flight, the Subject Attendant, inappropriately touched, rubbed and/or stroked the Plaintiff multiple times and in different manners. The inappropriate and/or sexual touching by the Subject Attendant included, but was not limited to, multiple occasions whereby the Subject Attendant would place his right hand on the Plaintiff's shoulder, and proceed to move his hand slowly down the right side of her body, from her shoulder down her side of her stomach, to her thigh and down to her leg, all without breaking contact. While touching the minor Plaintiff, the Subject Attendant, would comment to the minor Plaintiff about her "beauty" and her "beautiful body."

25. In addition, the Subject Attendant, made multiple inappropriate, romantic and sexual comments to the minor during the Subject Flight, including, but not limited to telling the Plaintiff: "You're beautiful", "Your body's beautiful", "You have a beautiful name", "Ill miss you" and "I love you."

26. The physical and inappropriate touching of the Plaintiff by the Subject Attendant during the Subject Flight, hereinafter referred to as the "Subject Incident," caused bodily injury to the Plaintiff.

27. During the Subject Flight, there were one (1) or more Defendant, DELTA, flight attendant(s) saw and/or should have seen the inappropriate touching and/or actions made by the Subject Attendant on the minor Plaintiff.

28. During the Subject Flight, there were one (1) or more Defendant, DELTA, flight attendant(s) that heard and/or should have heard the inappropriate comments made by the Subject Attendant to the minor Plaintiff.

29. On December 14th, 2020, after the Subject Flight landed in Los Angeles, California, the Subject Attendant told the minor, Plaintiff to "come off with me and I'll show you where to go." At that time, another Delta flight attendant intervened and stated that the Subject Attendant "is not right."

30. Immediately upon disembarking the Subject Flight, the Plaintiff broke down in tears due to the actions of the Subject Attendant, the Plaintiff reported the incident to the police and other investigating officers, and the Plaintiff was found to be "visibly shaken."

31. The Plaintiff, JANE DOE, did not expect the Subject Incident to occur and the Subject Incident was an unusual event that was external to the Plaintiff, JANE DOE.

32. The Subject Employee was in the course and scope of his employment with the Defendant, DELTA during the Subject Flight.

33. As a direct result of the physical touching and comments made by the Subject Attendant, the Plaintiff, JANE DOE, suffered bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, severe emotional distress, degradation, humiliation, incurred medical care and life care expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

34. The emotional and mental damages suffered by the Plaintiff, JANE DOE, arose directly from the inappropriate physical touching and contact by the Subject Attendant during the Subject Flight.

35. Pursuant to Article 17(1) of the Montreal Convention, the Defendant, DELTA, is liable for injuries damages suffered by the Plaintiff, JANE DOE, during the Subject Flight, including, but not limited to, the emotional and mental damages. *See* Doe v. Etihad Airways, No. 16-10402 (6th Cir. Aug. 30, 2017).

36. As the Subject Incident is "an **unexpected or unusual** event or happening that is external to the passenger" it is defined as an "accident" pursuant to the Article 17(1) of the Montreal Convention. *See* Air France v. Saks, 470 U.S. 392, 405 (U.S. 1985).

## **CLAIM FOR DAMAGES UNDER THE MONTREAL CONVENTION**

37. Plaintiff readopts and re-allages Paragraphs 1 through 36, as fully as if said Paragraphs were restated herein.

38. At all times material hereto, the Defendant, DELTA, owed a duty to use the highest degree of care during the transportation of their passengers, including, but not limited to the Plaintiff, JANE DOE, a minor, so as to prevent injury of any kind.

39. At all times material to this Complaint, the Defendant, DELTA, owed a duty to the Plaintiff, JANE DOE, a minor, to ensure that she was safe and did not suffer injury during the Subject Trip, including, but not limited to, the Subject Flight.

40. At all times material to this Complaint, the Defendant, DELTA, agreed to and was responsible for the safety of the minor, Plaintiff, JANE DOE.

41. On December 14th, 2020, the Defendant, DELTA, was vicariously liable for the actions and/or inactions of their employees, including, but not limited to, the Subject Employee and other flight attendants on the Subject Flight.

42. The Defendant, DELTA, breached its duty of care, either directly and/or through its employees, agents and/or servants, by committing one or more the following negligent act(s), wrongful act(s), and/or omission(s):

    a. Wrongfully sexually molesting and/or inappropriate touching the Plaintiff, JANE DOE, a minor, during the Subject Flight;

    b. Wrongfully sexually harassing and/or making inappropriate and/or lewd comments to the Plaintiff, JANE DOE, a minor;

    c. Negligently and/or wrongfully hiring the Subject Employee who had a propensity to commit inappropriate acts and which the Defendant knew and/or should have known about;

    d. Negligently retaining the Subject Employee who had a propensity to commit inappropriate acts and which the Defendant knew and/or should have known about;

    e. Failing to safely monitor and supervise the Plaintiff, JANE DOE, a minor, during the Subject Flight;

    f. Failing to properly and safely supervise the Subject Employee to stop and/or intervene with his actions during the Subject Flight;

    g. Failing to properly and safely transport a minor pursuant to the Delta policies and procedures;

    h. Failing to intervene during the Subject Flight despite Delta employee(s) witnessing and/or hearing the inappropriate actions and/or behavior by the Subject Employee;

    i. Failing to have appropriate and adequate policy and procedure in place to ensure the safety of minors that are traveling alone under the care and supervision of the Defendant, DELTA, such as the Plaintiff, JANE DOE;

> j. Failing to have an appropriate plan or procedure in place for the safe keeping of minor children who are traveling alone under the care and supervision of the Defendant, DELTA, such as the Plaintiff, JANE DOE;
>
> k. Failing to exercise reasonable care for the safety of its passengers, specifically the Plaintiff, JANE DOE, during the Subject Flight;
>
> l. By negligently placing the Plaintiff, JANE DOE, a minor under the control and supervision of the Defendant, in a position of danger and risk of injury;
>
> m. By failing to train employees on the proper and safe transportation of minors including, but not limited to, the Plaintiff, JANE DOE;
>
> n. By failing to train employees to intervene and/or stop inappropriate actions on their flights such as those committed by the Subject Employee during the Subject Flight; and/or
>
> o. Any other negligent acts to be determined during the course of discovery.

43. As a direct result of the Defendant, DELTA's above described negligent act(s), wrongful act(s) and/or omission(s), the Plaintiff, JANE DOE, a minor, suffered bodily injury, pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of the capacity for the enjoyment of life, severe emotional distress, degradation, humiliation, incurred medical care and life care expenses for her care and treatment; said injuries are either permanent or continuing in their nature and the Plaintiff will suffer such losses and impairments in the future.

44. Under Article 21(1) of the Montreal Convention, the Defendant, DELTA is strictly and automatically liable for the Subject Incident described herein, without regard to fault, for any and all damages of the Plaintiff, JANE DOE, a minor, up to 100,000 Special Drawing Right

(SDR's).  Under Article 21(1), the Defendant, DELTA cannot exclude or limit its liability as to these damages of the Plaintiff, JANE DOE.

45. Additionally, under Article 21(2) of the Montreal Convention, the Defendant, DELTA is liable to the Plaintiff, JANE DOE, a minor, for all damages exceeding 100,000 SDR's as the Defendant cannot prove (a) that the Plaintiff's damages were not due to any negligence or other wrongful act or omission of the Defendant, DELTA (or its agents, servants, or employees) or (b) that the Plaintiff's damages were solely due to the negligence or other wrongful act or omission of a third-party.

46. Therefore, under the Montreal Convention and the International Air Transport Association Inter-Carrier Agreement on Passenger Liability, the Defendant, DELTA, is strictly and/or automatically liable for the injuries and damages suffered by the Plaintiff, JANE DOE, a minor, as a result of the Subject Incident, without regard to fault and is obligated to pay full, fair and reasonable damages to the Plaintiff.

**WHEREFORE**, the Plaintiff, JANE DOE, a minor, by and through her mother and natural guardian, MS. DOE, demand judgment against Defendant, DELTA AIR LINES, INC. for compensatory damages, together with interest and costs, and such other relief as this Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, JANE DOE, a minor, by and through her mother and natural guardian, MS. DOE, hereby demands a trial by jury on all issues so triable as a matter of right.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on the 5th of March, 2021, a true and correct copy of the foregoing document was filed with the Clerk of Court using the Florida Courts e-Filing Portal

which will send an automatic e-mail message to all parties who have registered with the e-Filing Portal.

                                          HALPERN SANTOS & PINKERT, P.A.
150 Alhambra Circle
Suite 1100
Coral Gables, FL  33134
Phone: (305) 445-1111
Fax:    (305) 445-1169
Email:  ian@hsptrial.com

By:  s/ Ian D. Pinkert
     IAN D. PINKERT, ESQUIRE
     Florida Bar No.: 84572